WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

Electronically Filed on _____

Attorneys for BAC Home Loans Servicing, L.P.
fka Countrywide Home Loans Servicing L.P.
09-77833

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-09-26084-LBR |
| MIRNA HERNANDEZ HAUSER | Date: January 7, 2010<br>Time: 1:30 p.m. |
| Debtor. | Chapter 13 |

### SUPPLEMENTAL OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing L.P. (hereinafter "Secured Creditor") and files this Supplemental Objection to Confirmation of Chapter 13 Plan stating as follows:

Secured Creditor is the first deed of trust holder on 75 N Valle Verde Dr. # 323 Henderson, NV 89074 (hereinafter "subject property"), and is owed over $174,000.00. The Debtor filed a motion to value and reduce Secured Creditor's lien to $114,837.00. Secured Creditor subsequently filed an opposition to Debtor's motion to value – said opposition, filed on December 7, 2009, is incorporated herein by reference.

Secured Creditor asserts that this Court should not confirm the proposed plan because 1) there is a complete lack of disclosure by the Debtor as detailed below, and 2) it is not feasible.

### A. Lack of Disclosure

Secured Creditor's opposition to Debtor's motion to value demonstrates that there are too many unanswered questions in the Debtor's attempt to treat the subject property as a rental and strip a large portion of Secured Creditor's interest in the same. The Debtor did not disclose the information necessary to answer these questions and prove she is being truthful with the Court. Until the Debtor can come before this Court with more information, the Court should not confirm this plan.

### B. Lack of Feasibility

The Debtor does not have sufficient income to meet her plan requirements as can be seen in a simple review of her Schedule "I" and looking at the proposed plan. Proposing to make payments of $177.90 per month for 3 months, then $650.96 per month for 57 months, and then balloon payments of $99,999.99 and $14,837.00 in month 49 of the plan is highly speculative and places all risk of loss on the Secured Creditor. The Debtor's plan does not even list a "source" of where these payments are coming from.

If the Debtor proposes to refinance the property, the Court can take judicial notice that credit markets are essentially "stagnant" making it very difficult for anyone to refinance, especially debtors in bankruptcy.

Further, the Debtor does not budget for taxes and upkeep of the alleged rental property in her schedule "J".

11 U.S.C. 1326(a)(6) requires that a debtor will be able to make all payments under the plan. The Debtor has not shown an ability to do so. Secured Creditor expects that she will claim an attempt to "sell or refinance" prior to month 49 when the $99,999.99 and $14,837.00 payments are due.

When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." In re Newton, 161 B.R. 207, 217-218 (9th Cir. BAP 2007). This Debtor has proffered no such

evidence warranting confirmation of this plan.

The Court in *In re Gavia*, 24 B.R. 216 (Bankr.E.D.Cal.1982), aff'd, 24 B.R. 573 (9th Cir. BAP1982), rejected a plan which proposed to liquidate property within six months after confirmation. In *Gavia*, the debtors proposed to make no payments during the six months. The court reasoned that there was an absence of on-going contractual payments to the secured creditors, and "The possible liquidation of the debtor's home for the hoped-for sale price within a specified time in a depressed market *would not convince a reasonable person that the debtor will be able to comply with his plan.*" Id. at 218. (emphasis added).

Courts in the Ninth Circuit have confirmed some plans which do not require payments to secured creditors but they are restricted by, among other things: (1) granting the mortgage creditor relief from stay immediately; (2) specify a date, not significantly beyond the date the creditor could otherwise conduct a foreclosure sale, by which the debtor must sell the property, or there is an equity cushion or other adequate protection sufficient to protect the creditor beyond that date; (3) provide that the debtor will enter into a stipulated order for relief from stay at the creditor's request; and (4) include a provision that in any conflict between the plan and a stipulated order for relief from stay, the stipulation controls. *In re Proudfoot*, 144 B.R. 876 (9th Cir.BAP 1992) and *In re Gavia*, 24 B.R. 573 (9th Cir. BAP1992) See also, *In re Erickson*, 176 B.R. 753 (Bankr.E.D.Pa.1995) (holding Chapter 13 plan funded by sale of property was not feasible where the debtor had not stated the time period or terms of the sale and no provision was made for failure to sell the property); *In re Hogue*, 78 B.R. 867, 873 (Bankr.S.D.Ohio 1987) (Chapter 13 plan contemplating sale of residence three to five years after confirmation not feasible).

Until the Debtor can come before this Court with more information or income to properly fund a plan, the Court should not confirm this plan. It does not have a reasonable likelihood of success.

1  WHEREFORE, Secured Creditor asks that this Court deny confirmation and dismiss this case.

2  DATED this January 4, 2010.

                                      WILDE & ASSOCIATES

                                      By /s/ GREGORY L. WILDE

                                      **GREGORY L. WILDE, ESQ.**

                                      Attorneys for Secured Creditor

### Certificate of Facsimile

I certify that on January 4, 2010 I served a copy of the foregoing opposition on Debtor's Counsel by facsimile as follows:

Jorge L. Sanchez, Esq.
Sanchez Law Group, Ltd.
Fax No. (702) 537-8200